# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1692V

| | |
|---|---|
| MELINDA BOARDS,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 31, 2025 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Irene Angelica Firippis*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On September 29, 2023, Melinda Boards filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a Table injury - shoulder injury related to vaccine administration ("SIRVA") as a result of the administration of an influenza ("flu") vaccination on September 27, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 30, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On March 27, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $70,000.00 in pain and suffering, and $5,408.21 representing compensation for satisfaction of the Commonwealth of Kentucky Medicaid lien. Proffer at 1-2. In the Proffer, Respondent

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, Petitioner is awarded:

A. **A lump sum payment of $70,000.00 (for pain and suffering) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

B. **A lump sum payment of $5,408.21, representing compensation for satisfaction of the Commonwealth of Kentucky Medicaid lien, in the form of a check payable jointly to Petitioner and Humana. "Event Number: 12409863-12433633" shall also be included on the check.**

**Petitioner agrees to endorse the check to Humana for satisfaction of the Commonwealth of Kentucky Medicaid lien and send it to the following address:**

**Humana Subrogation & Other Third Party Liability 004/48120
Patient: Melinda Boards
Event Number: 12409863-12433633
P.O. Box 2257
Louisville, KY 40201-2257**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| MELINDA BOARDS,  )<br>  )<br>   Petitioner,  )<br>  )<br>v.  )<br>  )<br>SECRETARY OF HEALTH AND HUMAN  )<br>SERVICES,  )<br>  )<br>   Respondent.  )<br>  ) | No. 23-1692V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 29, 2023, Melinda Boards ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza vaccine received on September 27, 2022. Petition at 1. On December 27, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on December 30, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 24; ECF No. 26.

**I. Items of Compensation**

 A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$70,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the Commonwealth of Kentucky Medicaid lien in the amount of **$5,408.21** which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Kentucky may have against any individual as a result of any Medicaid payments the Commonwealth of Kentucky has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 27, 2022 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:

A. A lump sum payment of **$70,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

B. A lump sum payment of **$5,408.21**, representing compensation for satisfaction of the Commonwealth of Kentucky Medicaid lien, in the form of a check payable jointly to petitioner and Humana.  "Event Number: 12409863-12433633" shall also be included on the check.

Petitioner agrees to endorse the check to Humana for satisfaction of the Commonwealth of Kentucky Medicaid lien and send it to the following address:

2

Humana Subrogation & Other Third Party Liability 004/48120  
Patient: Melinda Boards  
Event Number: 12409863-12433633  
P.O. Box 2257  
Louisville, KY 40201-2257  
Attn: Kent Young  

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

*/s/ Irene A. Firippis*
IRENE A. FIRIPPIS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-3250

Dated: March 27, 2025              irene.a.firippis@usdoj.gov